**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-6983**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARRINGTON LAMONT HARRELL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Chief District Judge. (CR-90-27, CA-00-1239-1)

---

Submitted: November 15, 2001          Decided: February 12, 2002

---

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Carrington Lamont Harrell, Appellant Pro Se. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carrington Lamont Harrell seeks to appeal the district court's order denying his motion filed under 18 U.S.C.A. § 3582 (West 2000 & Supp. 2001), which the district court construed as a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001).[*] We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny Harrell's motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal on the reasoning of the district court. See <u>United States v. Harrell</u>, Nos. CR-90-27; CA-00-1239-1 (M.D.N.C. May 7, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[*] A panel of this court recently heard argument in <u>United States v. Emmanuel</u>, No. 00-7578, on the issue of whether a district court must notify a pro se litigant that it intends to construe a filing that is not so labeled as a § 2255 motion and afford the movant the opportunity to withdraw the motion in order to avoid the restrictions on second or successive motions under § 2255. This case will not be controlled by the decision in <u>Emmanuel</u>, however, as Harrell has previously filed a first § 2255 motion and therefore was not prejudiced by the district court's failure to provide notice and an opportunity to withdraw prior to construing his motion as one filed under § 2255. Harrell's recourse is a motion in this court under 28 U.S.C.A. § 2244 (West Supp. 2001), for authorization to file a successive § 2255 motion.

2